**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| JEREMY NIEUENKERK<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Prince George's County)<br><br>    Plaintiff,<br><br>v.<br><br>HALISHOR, LLC<br>d/b/a NEW CARROLLTON LIQUORS<br>8433 Annapolis Road<br>New Carrollton, MD 20784<br>(Prince George's County)<br><br>SURJIT SINGH<br>11859 Lime Kiln Road<br>Fulton, MD 20759<br>(Howard County)<br><br>    Defendants. | Civil Action No. _____ |

# COMPLAINT

1. While Plaintiff worked at Defendants' liquor store, Defendants did not pay him overtime wages, did not always pay him the Prince George's County minimum wage, failed to pay him for all of his hours of work, and did not report withheld taxes to the respective tax authorities.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

### Jurisdiction and Venue

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

### Parties

5.  Plaintiff Jeremy Nieuenkerk is an adult resident of Prince George's County, Maryland.

6.  Defendant Halishor, LLC is a Maryland corporate entity. It does business as New Carrollton Liquors. Its principal place of business is located at 8433 Annapolis Road, New Carrollton, MD 20784. Its resident agent for service of process is Robert J. Kim, Esq., 6411 Ivy Lane, Suite 200, Greenbelt, MD 20770.

7.  Defendant Surjit Singh is an adult resident of Maryland. He resides at 11859 Lime Kiln Road, Fulton, MD 20759. He is an owner and officer of Defendant Halishor, LLC. He exercises control over the operations of Halishor, LLC — including its pay practices.

### Factual Allegations

8.  Defendants own and operate New Carrollton Liquors, a store located at 8433 Annapolis Road, New Carrollton, MD 20784.

9.  Plaintiff worked at New Carrollton Liquors from approximately January 1, 2017 through approximately September 9, 2019.

10. At all relevant times, Plaintiff worked in Maryland.

11. At all relevant times, Plaintiff worked at New Carrollton Liquors as a store clerk.

12. At all relevant times, Plaintiff's job duties at New Carrollton Liquors primarily consisted of working the cash register, opening and closing the store, stocking the store, and cleaning the store.

13. At all relevant times, Defendants typically and customarily scheduled Plaintiff to work approximately forty-two hours per week.

14. But approximately every other week, Plaintiff was required to work extra hours, usually because another employee was unexpectedly absent. As a result, Plaintiff worked approximately sixty hours every other week.

15. At all relevant times, Defendants paid Plaintiff by the hour.

16. Defendants paid Plaintiff $10.75 in 2017, and $11.50 in 2018 and 2019.

17. The Prince George's County minimum wage was $10.75 from October 1, 2016 through September 30, 2016, and $11.50 from October 1, 2017 through the present. Therefore, Defendants did not always pay Plaintiff the applicable minimum wage.

18. Defendants typically and customarily paid Plaintiff by check.

19. However, at times, Defendants paid Plaintiff his overtime wages in cash.

20. Defendants paid Plaintiff the same regular hourly rate across all hours worked.

21. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

22. Finally, Defendants did not pay Plaintiff his regular promised wage for some of his time worked.

23. Defendants engaged in a practice of time shaving. For example, if Plaintiff worked 11 hours and 25 minutes in a day, Defendants paid him for only 11 hours. Plaintiff was not paid for at least two hours a week.

24. Moreover, when Defendants paid Plaintiff in cash, they typically and customarily withheld approximately 30% of his cash wages, ostensibly for taxes. However, Defendants did not provide Plaintiff with any document that itemized these withholdings.

25. Upon information and belief, Defendants never sent the withheld cash wages to the respective tax authorities.

26. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $15,000.00 in regular, minimum, and overtime wages (excluding liquidated damages).

27. Defendant Surjit Singh personally hired Plaintiff.

28. Defendant Surjit Singh personally fired Plaintiff.

29. Defendant Surjit Singh set Plaintiff's work schedule.

30. Defendant Surjit Singh set Plaintiff's hourly rate.

31. Defendant Surjit Singh signed Plaintiff's paychecks.

32. Defendant Surjit Singh handed Plaintiff his pay.

33. At all relevant times, Defendants had the power to hire and fire Plaintiff.

34. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

35. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

36. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

37. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

38. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

39. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

40. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

41. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

42. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

43. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

44. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

45. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

46. Defendants' violations of the FLSA were willful.

47. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

48. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

49. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

50. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

51. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

52. Defendants' violations of the MWHL were willful.

53. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

54. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

55. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

56. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

57. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

58. The "wages" required to be timely paid by the MWPCL include regular, minimum, and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

59.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including regular, minimum, and overtime wages.

60.     Defendants' violations MWPCL were willful.

61.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$48,900.00**, and grant the following relief:

   a.     Award Plaintiff $45,000.00, consisting of the following overlapping elements:

      i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.     unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

      iii.    three times the amount of unpaid regular, minimum, and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

   b.     Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

   c.     Award Plaintiff reasonable attorney's fees and expenses (as of this date, approximately $3,500.00);

   d.     Award Plaintiff court costs (currently, $400.00); and

   e.     Award any additional relief the Court deems just.

Date: January 22, 2020                    Respectfully submitted,

                                                    /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*